No. 921 Southern Norfolk, ss.

RUMMELL (Joseph Kruger)
v. PETERS (John J. Finn)

From the Municipal Court of Brookline—Comerford, J.

Argued June 17, 1941—Opinion filed April 17, 1941

ROWE, J. (Sanborn, P. J., and Rollins, J.)—This is an action of tort in which the plaintiff seeks to recover for personal injuries and property damage while he was operating an automobile and alleged to have been caused by the negligence of the defendant in that the latter so negligently operated an automobile as to cause it to run into the rear of the automobile being operated by the plaintiff. There was a finding for the plaintiff.

The defendant contends that the plaintiff's car bearing a Pennsylvania instead of a Massachusetts registration, rendered the car an outlaw on the road, as he contends that the judge could not find, as he did, that the plaintiff was a non-resident entitling him to the privileges extended by G. L. (Ter. Ed.) c. 90, s. 3. The accident happened in Massachusetts.

The judge's finding follows in part: "I find that the defendant was negligent and that the plaintiff was not guilty of contributory negligence.

"The collision took place on March 23, 1940, at 5:00 P. M. The Rummel car had been in Massachusetts from January 1, 1940. Margaret Rummel, wife of Paul Rummel was in the

right hand front seat of the 1937 Ford Sedan, which was registered in Pennsylvania. Both plaintiffs had licenses to drive in Massachusetts.

"Paul Rummel had no personal injuries. His car was damaged."

Rummel lived at 6-10 and 14 Autumn Street, Boston, for part of three years while attending Boston University for his Doctorate in Philosophy. He had to have a place to live because his wife could not live in a dormitory with him.

"I find that the plaintiffs were residents of Pennsylvania in accordance with the determination of the Registrar of Motor Vehicles under G. L. c. 90, s. 10, and appearing in the 1939 handbook relating to Motor Vehicles and that Paul Rummel was permitted to operate a motor vehicle with Pennsylvania plates alone in Massachusetts under the law of Massachusetts."

The findings of fact above quoted and which were warranted by the evidence present no necessary inconsistency between them and the general conclusion of the jujdge that the plaintiff was a non-resident. The question of residence was one of fact and the trial judge determined that fact as he had a right to do.

The defendant also contends that if the court could find the plaintiff to be a non-resident, then he would still be an outlaw on the road if he had a place of abode or employment within the commonwealth for more than thirty days after the acquisition thereof, under the last part of said s. 3.

The registrar under s. 3 has the right to determine the privileges to be granted to non-residents, and as appears on pages 8 and 17 of the 1939 edition of the Handbook of the Registry of Motor Vehicles, Pennsylvania has been determined as, among other items, for "Students; unlimited during school terms."

The concluding paragraph of the special findings of the judge states that he finds the plaintiff to be a non-resident and permitted to operate under the Pennsylvania registration. The special findings also include the statement that for part of three years while attending Boston University for his Doctorate of Philosophy he lived in Boston. Although the finding did not specifically state that the plaintiff came under the caption of "student" there was evidence and subsidiary findings from which it could be so found. And if necessary to so find, in order to uphold the general conclusion that the plaintiff was a non-resident student entitled to the privileges, the general conclusion will import the finding of subsidiary facts essential to that conclusion. See the line of cases beginning with *Adams* v. *Dick*, 226 Mass. 46.

The dominant characteristic of the plaintiff could still be considered that of student, although he incidentally did some work and being a married man lived somewhere other than in a dormitory because his wife could not live there. Other in-

cidental matters or temporary condition do not necessarily alter the status of his being a student. *U. S.* v. *Lau Chu,* 224 Fed 446.

While it is correct that the main purpose of requiring registration of a motor vehicle is identification of the vehicle and the owner, that is not its only purpose. "The guiding principle for the interpretation of a statute is that it must be construed, if reasonably possible, so as to effectuate the purpose of the framers, ascertained from its several parts and the meaning fairly attributable to all its words, considered in connection with the cause of its enactment, the subject to which it is applicable, the preexisting state of the common and statutory law, the mischief to be remedied, and the object to be accomplished." *Commonwealth* v. *S. S. Kresge Co.,* 267 Mass. 145.

In the present case there was no attempt at evasion or concealment of identity and the automobile was properly insured as to liability. The general purpose of the statute as to identity and the protective purpose of the statute as to insurance were covered and the case comes within the wording of the statute. The operation of the automobile by the plaintiff for more than 30 days and while properly insured could be found to have been legal operation and hence the report should be dismissed.

So ordered.